[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike filed by defendants Pyro-Chem, Inc. (#135), William Barnes, d/b/a Interstate Fire Equipment, and Interstate Fire and Safety Equipment Company, Inc. (#137) is granted. The defendants argued that counts three, six, nine, ten, eleven, and twelve are legally insufficient because the plaintiff, Raymond Williamson, d/b/a Town Cleaners and Country Cleaners, failed to allege that it is a buyer of goods, and therefore cannot recover under the Uniform Commercial Code for breach of warranty, General Statutes § 42a-2-313-315. The plaintiff cannot allege a common law warranty count because of the exclusivity provision of the Product Liability Act, General Statutes § 52-572m, and the plaintiff is not a third party beneficiary within the meaning of General Statutes § 42a-2-318.
In a companion case which was consolidated with the above case and arises out of the same set of facts, The Halsam Companyv. Everglade. Inc., judicial district of Stamford/Norwalk at Stamford, Docket No. 141045, the court granted a set of motions to strike filed by the same defendants on the same grounds asserted in the present motions to strike. See Memorandum of Decision, Arnold, J., August 13, 1996. The court held that the plaintiff in that action was not a third party beneficiary within the meaning of General Statutes § 42a-2-318, and that the statute was clear in limiting breach of warranty actions under General Statutes § 42a-2-313-315 and the remedy for breach under General Statutes 42a-2-714 and 715 to a buyer of goods, buyer being limited to one who buys or contracts to buy goods.
The defendants ask the court to invoke the law of the case doctrine. The law of the case "is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked . . . .[I]t expresses the practice of judges generally to refuse to reopen what has been decided. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Miller v. Kirshner, 225 Conn. 185, 191,621 A.2d 1326 (1993). Because there is no new or overriding circumstance and the plaintiff has not cited any commercial cases that expands the class of beneficiaries to "commercial losses", this court adopts the decision rendered by Judge Arnold.
RYAN, J. CT Page 5495-DDD